8/8/2016 9:24:40 AM
Chris Daniel - District Clerk Harris County
Envelope No. 12035770
By: Nelson Cuero
Filed: 8/8/2016 9:24:40 AM

**2016-52369 / Court: 125**

CAUSE NO. _____

| | | |
|---|---|---|
| EDWARD ABOU-FADEL | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | HARRIS COUNTY, TEXAS |
| | § | |
| STEVEN LARSON, and | § | |
| BULL'S-EYE EXPRESS, INC. | § | |
| | § | |
| Defendants. | § | \_\_\_\_\_ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Edward Abou-Fadel complains of Steven Larson and Bull's-Eye Express, Inc. ("Defendants") and would respectfully show that:

**I.**

**Discovery Control Plan**

1. Discovery in the matter may be conducted under Level 3 of the Texas Rules of Civil Procedure.

**II.**

**Jurisdiction and Venue**

2. The claims asserted arise under the common law of Texas. This Court has jurisdiction and venue is proper because all or a substantial part of the events or omissions giving rise to the claim occurred in Harris County.

**III.**

**Statement Regarding Monetary Relief Sought**

3. Pursuant to Texas Rule of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1 million. Discovery in this matter has just commenced and, therefore, Plaintiff



cannot reliably state a maximum amount damages he is seeking at this time and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

### Parties

4. Plaintiff Edward Abou-Fadel resides in Harris County.

5. Defendant Steven Larson resides in Wayne County, Mississippi and may be personally served at 5408 Hwy 84, Waynesboro, MS 39367, or wherever he may be found.

6. Defendant Bull's-Eye Express, Inc. is a Pennsylvania corporation that may be served by serving its owner and president, Rick Keller, at 5 Willow Springs Circle, York, PA 17402.

## V.

### Facts

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about December 9, 2014. At that time, Plaintiff was driving a 2011 Chrysler 200 in Harris County, Texas. Defendant Steven Larson was driving a 2015 Freightliner owned by Defendant Bull's-Eye Express. Defendant Larson was in the course and scope of his employment with Defendant Bull's-Eye Express. Therefore, Bull's-Eye Express is vicariously liable for the negligence of Defendant Larson.

8. Plaintiff was traveling South on the West Sam Houston Parkway in the inside left lane. Defendant Larson was traveling South on the West Sam Houston Parkway in the adjacent

cannot reliably state a maximum amount damages he is seeking at this time and reserves his right to supplement in accordance with the Texas Rules of Civil Procedure.

## IV.

### Parties

4. Plaintiff Edward Abou-Fadel resides in Harris County.

5. Defendant Steven Larson resides in Wayne County, Mississippi and may be personally served at 5408 Hwy 84, Waynesboro, MS 39367, or wherever he may be found.

6. Defendant Bull's-Eye Express, Inc. is a Pennsylvania corporation that may be served by serving its owner and president, Rick Keller, at 5 Willow Springs Circle, York, PA 17402.

## V.

### Facts

7. This lawsuit is necessary as a result of personal injuries that Plaintiff received on or about December 9, 2014. At that time, Plaintiff was driving a 2011 Chrysler 200 in Harris County, Texas. Defendant Steven Larson was driving a 2015 Freightliner owned by Defendant Bull's-Eye Express. Defendant Larson was in the course and scope of his employment with Defendant Bull's-Eye Express. Therefore, Bull's-Eye Express is vicariously liable for the negligence of Defendant Larson.

8. Plaintiff was traveling South on the West Sam Houston Parkway in the inside left lane. Defendant Larson was traveling South on the West Sam Houston Parkway in the adjacent

lane. Defendant Larson turned left into Plaintiff's lane. Plaintiff attempted to brake but could not avoid the collision. This collision caused Plaintiff to suffer bodily injuries.

## VI.

## Causes of Action

### I. NEGLIGENCE AND NEGLIGENCE PER SE

9. Defendants are liable to Plaintiff under the theories of negligence, negligence per se, and gross negligence. Plaintiff sustained injuries because of Defendants' negligence, negligence per se, and gross negligence when Defendants:

    a) Failed to drive in a reasonable manner;

    b) Failed to control the vehicle's speed;

    c) Failed to operate the vehicle safely;

    d) Failed to keep a proper lookout;

    e) Failed to maintain a single lane of travel;

    f) Negligently entrusted the vehicle to an incompetent and/or reckless driver;

    g) Negligently hired and retained an incompetent and/or reckless driver;

    h) Failed to properly train and supervise their employees;

    i) Violated applicable, local, state, and federal laws and/or regulations; and

    j) Other acts so deemed negligent.

10. Defendants were also negligent per se for violating applicable provisions of the Texas Transportation Code.

11. As a result of Defendants' negligence, Plaintiff suffered severe physical injuries. Plaintiff is entitled to recover for his injuries.

## VII.

### Damages

12.  As a direct and proximate result of the negligence, negligence per se, and gross negligence of Defendants, Plaintiff sustained injuries, which resulted in, and proximately caused, physical pain, mental anguish, and other medical problems. Plaintiff will show that he has also sustained pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life, and that in all reasonable probability, such pain and suffering, physical impairment, mental anguish, disfigurement, and loss of enjoyment of life will continue indefinitely as a proximate cause of Defendants' negligence. Plaintiff has suffered a loss of earnings in the past, as well as a loss of future earning capacity. Plaintiff has incurred and, within reasonable medical probability, will incur in the future pharmaceutical and/or medical expenses in connection with his injuries. Plaintiff seeks exemplary damages because Defendants' conduct constitutes gross negligence, as that term is defined by Texas law. Plaintiff also seeks to recover damages for the property damage sustained to his vehicle.

## VIII.

### Rule 193.7 Notice

13.  Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff hereby gives actual notice to Defendants that any and all documents produced may be used against the Defendants at any pre-trial proceeding and/or at the trial of this matter without the necessity of authenticating the document

## IX.

### Request For Disclosure and Discovery To Defendants

14. Pursuant to Texas Rules of Civil Procedure 194, Plaintiff requests you disclose, within 50 days of service of this request, the information or materials described in Texas Rule of Civil Procedure 194.2(a)-(l). Plaintiff refers Defendants to the attached First Set of Interrogatories, Requests for Production, Request for Admissions, and Request for Disclosures, and notifies you that a response is required within fifty (50) days of service of these requests. *See* Exhibit A.

## X.

### Jury Demand

15. Plaintiff hereby demands a trial by jury.

## XI.

### Prayer

16. For the reasons discussed herein, Plaintiff prays this Court cite Defendants to appear and answer herein and that Plaintiff have judgment taken against Defendants, jointly and severally, and recover all damages allowed by law, pre-judgment and post judgment interest as allowed by law, punitive damages, costs of court, and such other and further relief, both general and special, at law or in equity, to which Plaintiff may show himself justly entitled.

Respectfully submitted,

**PIERCE SKRABANEK BRUERA, PLLC**

*/s/ Michael E. Pierce*

---

MICHAEL E. PIERCE
State Bar No. 24039117
M. PAUL SKRABANEK
State Bar No. 24063005
3701 Kirby Drive, Suite 760
Houston, Texas 77098
Telephone: (832) 690-7000
Facsimile: (832) 616-5576
E-mail: michael@psbfirm.com
       paul@psbfirm.com

**ATTORNEYS FOR PLAINTIFF**